HOBSON, Judge.
This is a timely appeal from a final order denying appellants’ petition for certi-orari. In essence the petitioner-appellants in the trial court and in this appeal contended that the Civil Service Board of Clearwater, Florida erred when it “modified” the action of the Appointing Authority, the City Manager, by unanimously holding that respondent-appellee should be suspended for a stated length of time rather than being dismissed as the Appointing Authority had originally determined.
On or about April 19, 1966, the Appointing Authority for the City of Clearwater served upon the respondent-appellee, Carroll C. Garretson, a Termination and Dismissal Notice. Said notice contained four separate specifications or charges.
The first charge alleged that appellee had violated the instructions given him by his superiors, the City Manager and his department head. The second charge alleged insubordination in that appellee had acted in direct violation of an order given by the City Manager. The third charge in substance alleged appellee to be guilty of converting $300 of the City’s funds to his own use. The fourth charge re-averred charges one and two and further alleged that appellee was untrustworthy and therefore must be dismissed for the good of the department and to promote the efficiency of the Parks and Recreation Department. Within the required time the appellee filed his written explanation to said charges as required by the Civil Service Act.
*47 On April 26, 1966, the Appointing Authority filed his Notice of Non-Acceptance and dismissed the appellee from his employment with the City.
Thereafter the appellee appealed the Appointing Authority’s decision of dismissal to the Civil Service Board as provided for in the Civil Service Act.
After a full hearing the Civil Service Board certified its findings and judgment to the Appointing Authority which read as follows:
"After considering the written explanation and evidence presented by the employee and the Appointing Authority and after hearing and considering the explanation of the employee, the testimony of witnesses and arguments submitted by counsel for the employee and the Appointing Authority, each member of the Civil Service Board, by roll-call vote, found the appellant employee guilty of charges 1, 2, and 4 as specified in the letter of termination and dismissal dated April 19, 1966. The respective members further found varying degrees of validity in charge 3, but without sufficient foundation to warrant a conclusion.
“However, in the light of alleged past practice and procedure, and in view of the lack of documentary evidence substantiating the specific instructions allegedly given to the appellant employee, the members of the Board felt that the proven degree of guilt was not sufficient to warrant summary dismissal and, by motion duly seconded and roll-call vote, unanimously agreed to modify the Appointing Authority’s action in dismissing this employee. That instead, the employee be suspended without pay for a period of ninety (90) calendar days commencing April 19, 1966, forfeiting all benefits from the City for that period of time and that upon his return to work for a period of six (6) months thereafter he shall be considered as being on probation provided that any dismissal action during that period shall be reviewable by this Board.”
Pertinent portions of the Civil Service Act under which the Board acted reads as follows:
“Section 20:
Any Appointing Authority may suspend, dismiss or demote a subordinate for any cause which will promote the efficiency of the service.

[T]he Board may order reinstatement of an employee orüy if the hearing establishes that the removal was made for reasons other than just cause.

[T]he Board shall, after due consideration, render its administrative determination affirming, disaffirming, or modifying the act of the Appointing Authority.” (emphasis added)
As stated above, petitioner-appellants’ major contention is that since the Civil Service Board found the respondent-appel-lee guilty of three of the four charges set out by the Appointing Authority they must have also found that the Appointing Authority had acted with “just cause” in dismissing the appellee. Otherwise stated, it is appellants’ position that the Civil Service Board abused its discretion when it agreed with the findings of the Appointing Authority on three of the four specifications or charges but then modified the punishment given the appellee from a termination to a suspension.
As set forth above, the Civil Service Board may order the “reinstatement of an employee only if the hearing establishes that the removal was made for reasons other than just cause.” The record on appeal does not contain any of the testimony or evidence which was introduced at the hearing before the Civil Service Board. Therefore, this court cannot review the actions of the Civil Service Board *48 to determine whether or not it abused its discretion in modifying the dismissal of the appellee by the Appointing Authority.
Had the Civil Service Board found appellee guilty of all four of the specifications or charges rendered by the Appointing Authority and then modified the punishment, we could agree with the position urged by appellants. But as the record shows, the Board failed to agree with the conclusion of the Appointing Authority as to charge number three, which in effect charged the appellee with a felony, to-wit: larceny of $300. This charge, of course, was by far the most serious and the Board, having failed to find the appellee guilty, had the authority under the Civil Service Act to modify the act of the Appointing Authority.
The final order denying appellants’ petition for certiorari is therefore affirmed.
ALLEN, Acting C. J., and PIERCE, J., concur.